**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-1715**

───────────────

JOSE ANSELMO CASTRO-CASTRO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted: April 29, 2026                              Decided:  July 17, 2026

───────────────

Before RICHARDSON, QUATTLEBAUM, and BERNER, Circuit Judges.

───────────────

Petition granted and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Benjamin J. Osorio, Megan B. Herndon, Leah Haynes, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Brett A. Shumate, Assistant Attorney General, Bernard A. Joseph, Senior Litigation Counsel, Craig W. Kuhn, Senior Trial Attorney, Civil Division, Office of Immigration Litigation, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Jose Anselmo Castro-Castro has petitioned for review of an order of the Board of Immigration Appeals affirming an immigration judge's denial of his applications for asylum and withholding of removal based his political opinion. We grant the petition and remand.

To obtain asylum, Castro-Castro must show three things—he suffered past persecution or has a well-founded fear of future persecution, that persecution is on account of his political opinion and that persecution is perpetrated by an organization El Salvador's government is unable or unwilling to control. *Portillo Flores v. Garland*, 3 F.4th 615, 626 (4th Cir. 2021) (en banc); *see also* 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(A).[1] Although an applicant may succeed by showing either past persecution or a well-founded fear of future persecution, establishing past persecution entitles an applicant to a presumption that they have a well-founded fear of future persecution. *Portillo Flores*, 3 F.4th at 629. If the government demonstrates either that circumstances have changed and an applicant no longer has a fear of future persecution or that the applicant can avoid future persecution by relocating elsewhere in their home country and it would be reasonable to do so, then an immigration judge must deny the applicant's asylum claim. *See* 8 C.F.R.

---

[1] Withholding of removal operates similarly. The government "may not remove an alien to a country if the [government] decides that the alien's life or freedom would be threatened in that country because of the alien's . . . political opinion." 8 U.S.C. § 1231(b)(3)(A). But applicants for withholding of removal must satisfy a higher burden of proof. *Morales v. Garland*, 51 F.4th 553, 556 (4th Cir. 2022). So, as the immigration judge and the Board found, an applicant who can't show persecution can't qualify for withholding of removal. *Id.* That means Castro-Castro's withholding claim rises and falls with his asylum claim for the purpose of his petition.

§ 1208.13(b)(1)(i)(A)–(B).

Castro-Castro makes two arguments. First, he contends the Board's conclusion runs afoul of our precedent concerning death threats and persecution. In our circuit, persecution includes "the infliction or *threat* of death, torture, or injury to one's person or freedom, on account of" political opinion. *Portillo Flores*, 3 F.4th at 626–27 (emphasis in original) (quoting *Li v. Gonzales*, 405 F.3d 171, 177 (4th Cir. 2005)). Persecution can "include[] actions less severe than threats to life or freedom, [but] actions must rise above the level of mere harassment to constitute persecution." *Id.* at 627 (quoting *Li*, 405 F.3d at 177). A death threat alone constitutes persecution. *Sorto-Guzman v. Garland*, 42 F.4th 443, 449 (4th Cir. 2022). Here, the Board assumed Castro-Castro testified credibly and noted ARENA party members had threatened him with death on four occasions. But the Board discounted the severity of these threats. This conflicts with our precedent.

Second, Castro-Castro argues the Board failed to consider his youth in contravention of *Portillo Flores*. In that case, we held that "[w]here a petitioner is a child at the time of the alleged persecution, the immigration court must take the child's age into account in analyzing past persecution and fear of future persecution for purposes of asylum." *Portillo Flores*, 3 F.4th at 629. Here, the Board dismissed Castro-Castro's appeal almost four years after *Portillo Flores* but still didn't consider Castro-Castro's age. This also conflicts with our precedent.

Because of these two errors, we grant the petition and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before us and argument would not aid the decisional process.

PETITION GRANTED AND REMANDED